IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DESSA I. EPPS, )
) CA No. 13-938
    Plaintiff, )
)
V.

CAROLYN W. COLVIN,

    Defendant.

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed for disability benefits pursuant to Title XVI of the Social Security Act, claiming disability due to mental and physical impairments. Plaintiff had previously received an unfavorable decision on July 20, 2010. The time period pertinent to the decision presently under appeal ran from February 23, 2011, the application date, through the time of the ALJ's decision. Plaintiff's claims were denied initially, and upon hearing. The Appeals Counsel denied Plaintiff's Request for Review. Before the Court are the Plaintiff's Motion for Judgment on the Pleadings, and Defendant's Motion for Summary Judgment. For the following reasons, Plaintiff's Motion will be granted, and Defendant's denied.

**OPINION**

**I. STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

## II. THE PARTIES' MOTIONS

### A. MEDICAL EVIDENCE/GAF SCORES

To summarize Plaintiff's first challenge, she objects to the ALJ's reliance on GAF scores, rather than treatment notes. I note, initially, that it was not improper to consider GAF scores. Such scores "are medical evidence that informs a Commissioner's judgment in assessing whether an individual is disabled." Frey v. Colvin, No. 12-222, 2014 U.S. Dist. LEXIS 11022, at *10 (W.D. Pa. Jan. 29. 2014).

While it was not error to rely on the GAF scores, and the ALJ did not solely rely on those scores, I am concerned about the ALJ's failure to reference other records and notes from treating mental health sources. In particular, there are unreferenced notes from Chestnut Ridge Counseling Services that span parts of 2010 and 2011 and include the time period pertinent here.

For example, the ALJ noted that despite a GAF of 50 in April, 2011, which indicates serious symptoms, Plaintiff self-rated her depression as 2 out of 10 that month. The ALJ deemed the self-rating "inconsistent with serious symptoms." Yet, the ALJ did not note that Plaintiff had rated her depression a 4 or 5 out of ten two weeks previously, or rated her depression a 10 out of 10 in July, 2011, when she was assigned a moderate GAF of 60.

While the ALJ need not discuss every piece of evidence in the record, he must provide at least a glimpse into his reasoning. Zurawski v. Halter, 245 F.3d 881, 889 (7th Cir. 2001). "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." Cotter v. Harris, 642 F.2d 700, 706-07 (3d Cir. 1981).

It is unclear whether the ALJ considered these probative treatment notes and discredited them, or failed to consider them at all. In light of the well-established principle that the opinions of treating sources are ordinarily entitled to great weight, this is troubling. Likewise, due to this omission, it is unclear whether the ALJ thoroughly considered Plaintiff's longitudinal history. Such history is important in the mental health context, as symptoms may wax and wane over time. See Jaleh Kaveh Ahangari v. Astrue, No. 7-1869, 2008 U.S. Dist. LEXIS 68018, at *812-13 (D. Colo. Sept. 8, 2008). While it is certainly not clear that Plaintiff is entitled to benefits, on the present record, I cannot meaningfully assess the ALJ's decision.

### B. REMAINING ARGUMENTS

I reject the remainder of Plaintiff's arguments. I have carefully considered each, but address them here only briefly. Plaintiff contends that the ALJ's RFC determination, which contained no limitation in regards to relating to supervisors or dealing with supervision, was not

3

based on substantial evidence.[1] Plaintiff points to evidence of issues with two supervisors at Goodwill training to support her contention. However, the record is devoid of medical evidence that Plaintiff suffered limitations due to her ability or inability to deal with supervisors, and other evidence supports Plaintiff's lack of problems with authority figures. I find no error in this regard.

In addition, Plaintiff argues that the ALJ improperly relied on the opinion of a consulting source, because the consultant issued his opinion on April 14, 2011, without all of Plaintiff's medical records available. The ALJ considered the impact of subsequent evidence, and nonetheless determined that the opinion was entitled to weight. This was not error. See, e.g., Chandler v. Comm'r, 667 F. 3d 356, 361 (3d Cir. 2011).

Finally, Plaintiff challenges the ALJ's assessment of her credibility. Primarily, she is concerned that he relied on a credibility assessment made in a prior proceeding. The ALJ, however, did not adopt or give preclusive effect to the prior credibility determination. Instead, he stated, "The fact that a previous [ALJ] found the claimant's credibility wanting does not necessarily mean that the claimant is overstating her symptoms in the present claim, but it does cast some suspicion over her allegations." This in itself is not inappropriate, under the circumstances. Similarly, Plaintiff contends that the ALJ used her complaint of "boredom" to discredit her. He did not do so, however; instead, he noted that boredom is not grounds for a disability finding. An ALJ's credibility determination, if he has articulated his reasons therefor, will be reversed only in extraordinary circumstances. Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3rd Cir. 2007). In this case, the ALJ articulated his reasons for his

---

[1] The RFC accounted for limitations in interacting with coworkers and the public, as it limited Plaintiff to work that would "entail only occasional interaction with the public and coworkers with no tandem tasks."

4

credibility assessment, and this case presents no extraordinary circumstances that call for disturbing his conclusions.

## CONCLUSION

For the foregoing reasons, this matter will be remanded solely to the ALJ to permit him to clarify his assessment of Plaintiff's mental health treatment notes, or, if he has not done so, to assess those treatment notes in the first instance. An appropriate Order follows.

## ORDER

AND NOW, this 28th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is GRANTED, and Defendant's is DENIED. This matter is remanded for further proceedings consistent with the foregoing Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court